MORRIS, APPELLANT, *v.* THE FIRST NATIONAL BANK AND TRUST CO. OF RAVENNA, OHIO, APPELLEE.

26

(No. 69-183—Decided January 7, 1970.)

*Messrs. DiPaolo & Kirkwood* and *Mr. Charles E. Kirkwood,* for appellant.

*Messrs. Loomis, Jones, Poland, Wilson & Griffith* and *Mr. J. Philip Jones,* for appellee.

HERBERT, J. Ohio's summary judgment statute, Section 2311.041, Revised Code, first became effective on November 9, 1959. The act was designed to relieve crowded court dockets of those cases which could be disposed of as a matter of law upon documents filed in the cause. It was hoped that the new law would eliminate the time-wasting process of calling a case before a court or jury, hearing opening statements or oral evidence, and then discovering that there was a complete failure of proof or simply no justiciable controversy before the court. However, recognizing our constitutional guarantee of trial by jury in specific cases, the General Assembly limited the granting of judgment under the statute to those cases where (1) no genuine issue as to *any* material fact appears from the documents filed with and in response to the·motion, (2) the movant is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is made.

As a further guideline for the avoidance of an encroachment upon the rights of litigants, the General Assembly very clearly stated:

" * * * the party against whom the motion for summary judgment is made is entitled to have such * * * [documents] construed *most strongly* in his favor." (Section 2311.041(B), Revised Code.) (Emphasis added.)

Appellee cites our recent holding in *North* v. *Pennsylvania Rd. Co.* (1967), 9 Ohio St. 2d 169, 224 N. E. 2d 757, in support of his claim that summary judgment was correctly granted in the instant case. A careful reading of *North* shows that the court there spoke only of the use of summary judgment in "proper" cases and where "no genuine issue of fact exists."

In view of the above discussion, it would appear that the motion in the case at bar should have been summarily overruled. However, appellee and the courts below expressed the view that Section 1309.46, Revised Code, gave appellee's agents the right to enter upon appellant's property and repossess the mower in the manner and under the circumstances described. Section 1309.46, Revised Code, provides:

"Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession, a secured party may proceed without judicial process if this can be done without breach of the peace * * * ."

The judgments below and appellee's position at bar are mainly based upon the conclusion that, as a matter of law, the evidence before the trial court upon the motion for summary judgment failed to show a breach of the peace

In his disagreement with this conclusion, appellant argues that the evidence before the trial court raised a genuine question of whether an assault was committed by appellee's agents, and that if an assault was found the peace was thereby breached, and Section 1309.46, Revised Code, would be no defense to his action.

Research of Ohio cases involving the question of what constitutes a breach of the peace discloses that our courts have previously dealt with this subject in instances where a statute or ordinance was violated. The controversy in

those cases stemmed from whether it was necessary that the particular violation be felonious or treasonous in order to constitute a breach of the peace. The courts have uniformly held that *included* in "breach of the peace" are not only treason and felony violations, but misdemeanors as well. However, we have found no case which requires the conclusion that unless or until some statute or ordinance has been violated no breach of the peace can occur. On the contrary, in an exhaustive interpretation of Sections 2331.-11 to 2331.14, Revised Code, relating to immunity of certain persons from arrest, Justice Matthias quoted from 7 Ohio Jurisprudence 2d 689, Section 1, as follows:

" 'In general terms, *a breach of the peace is* a violation of public order, *a disturbance of the public tranquility, by any act* or conduct inciting to violence or *tending to provoke or excite others to break the peace,* or, as is some times said, it includes any violation of any law enacted to preserve peace and good order. *It may consist of* an act of violence or *an act likely to produce violence.*' " (Emphasis added.) *Akron* v. *Mingo* (1959), 169 Ohio St. 511, 513, 160 N. E. 2d 225.

We do not quarrel with appellee's position that the Ohio Uniform Commercial Code, of which Section 1309.46 is a part, has as its main purpose the uniform expansion and encouragement of commercial transactions in this state, and that the statutes therein should be liberally construed to effectuate that purpose. However, such construction cannot be permitted to defeat our fundamental public policy of discouraging extrajudicial acts by citizens when those acts are fraught with the likelihood of resulting violence.

In the instant case, a citizen was "surrounded" by two men and placed in fear of "being beaten." Must a citizen so treated physically lash out, whether justifiably or not, before the peace is breached? To so hold would be to wrongly relegate relationships among citizens to the after-the-fact status of the dog which formerly was permitted its first bite.

It appears clear, therefore, that no assault need have

been committed by appellee's agents in order for them to have committed a breach of the peace, as that term is employed in Section 1309.46, Revised Code.

Appellant's petition is based upon alleged trespass and conversion. While we leave the question of conversion to be determined in future proceedings below, we are constrained to hold that when appellee's agents were physically confronted by appellant's representative, disregarded his request to desist their efforts at repossession and refused to depart from the private premises upon which the collateral was kept, they committed a breach of the peace within the meaning of Section 1309.46, Revised Code, lost the protective application of that section, and thereafter stood as would any other person who unlawfully refuses to depart from the land of another.

While it is not involved in the case at bar, the parties agreed in oral argument that sound public policy should also dictate that a repossessor, proceeding without judicial process, should not enter or attempt to enter any private structure without the express consent of the person in charge thereof. We view the conclusion of the parties in that respect with favor.

The judgment of the Court of Appeals is reversed and the cause is remanded for further proceedings.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, DUNCAN and CORRIGAN, JJ., concur.

SCHNEIDER, J., dissents.