The majority is correct that in order for a plaintiff to recover in a "slip and fall" case, they must demonstrate that the snow or ice which caused the fall is more than a natural accumulation. That area of the law in Ohio is well settled. However, in order for a property owner to escape liability by way of summary judgment, there must be a finding, as a matter of law, that this natural accumulation was not the result of an act of negligence. Stated more succinctly, the term "natural accumulation" is inconsistent with the concept of "negligence." Negligence, by definition, can include acts of commission or omission. As stated by Chief Justice Cardozo, "the risk reasonably to be perceived defines the duty to be obeyed." Palsgraf v. Long IslandRailroad Co. (1928), 248 N.Y. 339, 344, 162 N.E. 99,100.
Plaintiffs supplied the report of a "roofing consultant" who essentially made the factual observation that "[t]he pedestrian walk appears to extend approximately three feet beyond the drip-line of the eave thus making the surface of the walkway vulnerable to ice accumulation during freezing conditions * * *." Thus, the question of whether the ice accumulation on the sidewalk was the result of an active process by the building owner became a factual issue in controversy. The so-called no-duty winter rule is the law of Ohio. However, the rule has no applicability to cases where the owner is actively negligent in creating the hazard. Lopatkovich v. Tiffin (1986), 28 Ohio St.3d 204, 207.
In ruling on a motion for summary judgment, the trial court is required to construe all evidence submitted in favor of the party against whom the motion is directed. Morris v. FirstNatl. Bank Trust Co. (1970), 21 Ohio St.2d 25, paragraph two of the syllabus. The plaintiff in this matter has submitted evidence, which if believed, suggests that the building owner's failure to install a gutter contributed to an unnatural accumulation of ice on the sidewalk below. This is a question of fact, and as such, cannot be resolved on the basis of a motion for summary judgment. The ice accumulation was either the natural result of weather conditions, or it had been created by the failure of the building owner to properly install a gutter. It cannot be both.
I would reverse the judgment of the trial court and remand this matter so that a finder of fact will be permitted to answer the following straightforward question: "Did the defendants' actions contribute to the accumulation of ice on the sidewalk?" There is evidence they did. There is evidence they did not. Reasonable minds could readily disagree.
 ________________________ JUDGE WILLIAM M. O'NEILL