OPINION
This is an appeal from a summary judgment rendered in favor of Defendant, Citfed Mortgage Corp. of America ("Citfed"), on its Civ.R. 56 motion, dismissing the complaint filed herein by Plaintiffs, Joseph and Jane Gildow.
The Gildows contracted with Barlage Builders to construct a new home. The Gildows then applied to Citfed
for financing. On May 6, 1994, Citfed sent a loan commitment letter to the Gildows, approving their application to borrow up to $202,050 on a construction loan. The Gildows were required to deposit the loan proceeds in a non-interest bearing account from which Citfed would pay out funds upon the builder's draw demand. The loan commitment letter to the Gildows further stated, interalia:
 "C. You must approve each draw request in writing, in a form acceptable to Lender, before any disbursement from the construction loan account will be made. Additionally, upon each draw request you must indicate your satisfaction with all work done and/or materials furnished to date."
 A closing on the construction loan agreement was held on May 11, 1994. The terms of the loan agreement were consistent with those of the commitment letter, except with respect to the builder's draw. The agreement states:
 "Owner and Contractor hereby authorize CitFed Mortgage to disburse funds from the Account together with the net proceeds of the construction loan, in proportion to its Inspector's Report of Progress (said Inspector is hereby granted the right to inspect work at any reasonable time) accompanied by sworn master affidavits and supporting release of liens from any subcontractor and material supplier as required or permitted under applicable State laws. All requests for disbursements from the Account shall be submitted once each month during construction and shall be completed to the satisfaction of CitFed Mortgage Corporation of America.
 The `Progress of Construction' and the completion of requirements for any draw are estimates only, and no draw shall be conditioned upon the completion of any specific item. The requirements of each draw shall be complete as determined within the sole discretion of CitFed Mortgage Corporation of America." (Emphasis supplied).
 Barlage Builders commenced construction and in due course presented draw demands on Citfed. Seven demands were paid, the first on July 19, 1994 and the last on February 16, 1995. The total amount paid was $174,325. In each instance, Joseph Gildow signed a prior written authorization for payment of the draw demand by Citfed out of his construction loan account.
Barlage Builders failed to complete the promised construction work to the Gildows' satisfaction. They subsequently commenced an action against Barlage Builders for breach of contract and fraud. Barlage Builders filed for bankruptcy, discharging the Gildows's damage claims.
The Gildows next filed an Amended Complaint joining Citfed as a defendant. Their complaint, which was amended a second time, sought declaratory and monetary relief for alleged misrepresentation, unfair advantage, breach of contract, and intentional infliction of emotional distress.
Citfed filed an answer, denying the Gildows' claims for relief. Citfed also filed a counterclaim which sought a judgment against the Gildows for Citfed's costs and attorney fees in defending against the Gildows' claims. Citfed relied on paragraph nine of the loan agreement, which states:
 "Lender shall have no duty or responsibility to make inspections or otherwise inquire regarding completeness of construction prior to any disbursement. Contractor and owner further agree to save Lender harmless from any and all liability resulting from any disbursements made pursuant to this paragraph."
 Citfed subsequently moved for summary judgment on the Gildows' claims against Citfed and on its counterclaim against the Gildows. The trial court granted Citfed's motion for summary judgment on the Gildows' claims, finding that the payments which Citfed made to Barlage Builders were in accord with the provisions of the loan agreement. The court found that those provisions superseded any promises or provisions to the contrary in Citfed's prior loan commitment letter, which it held was parol evidence that it could not consider.
The trial court denied Citfed's motion for summary judgment on its own counterclaim. The court found that the term "liability" in the hold-harmless clause of the loan agreement does not encompass Citfed's costs in defending against the Gildows' claims. Subsequently, an agreed entry was journalized granting judgment for the Gildows on Citfed's counterclaim.
The Gildows filed a timely notice of appeal from the summary judgment in favor of Citfed on the Gildows' claims for relief. Citfed filed a timely notice of appeal from the judgment rendered in favor of the Gildows on Citfed's counterclaim.
 THE GILDOWS' ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF CITFED MORTGAGE CORPORATION OF AMERICA BECAUSE GENUINE ISSUES OF MATERIAL FACT REMAINED TO BE LITIGATED.
 Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64. The moving party cannot discharge its burden by making a conclusory statement that the non-moving party has no evidence to prove its case, but must point to some evidence which, if true, requires a judgment for the moving party on one or more issues of fact determinative of the non-moving party's claim for relief or affirmative defense. Dresher v. Burt (1996), 75 Ohio St.3d 280. The non-moving party must then preserve the factual dispute concerning that issue by setting forth specific facts which, if true, keep it in dispute. Id.
All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First NationalBank Trust Co. (1970), 21 Ohio St.2d 25. In reviewing a trialcourt's grant of summary judgment, an appellate court must viewthe facts in a light most favorable to the party who opposed themotion. Osborne v. Lyles (1992), 63 Ohio St.3d 326. "Because atrial court's determination of summary judgment concerns aquestion of law, we apply the same standard as the trial court inour review of its disposition of the motion; in other words, ourreview is de novo." Am. States Ins. Co. v. Guillermin (1996),108 Ohio App.3d 547, 552.
The Gildows' claims for relief against Citfed arise out of the variance between the terms of Citfed's loan commitment letter to the Gildows and the loan agreement they were subsequently presented and signed with respect to Citfed's payment of the contractor's draw requests. The Gildows argue that Citfed's payment of those requests breached the terms of the parties' contract, to the extent that the loan commitment letter was a part of it, and that the trial court erred when it excluded the letter as parol evidence. The Gildows also argue that the loan commitment letter misrepresented the terms of the loan agreement with respect to their right to authorize or withhold payment of the contractor's draws.
It is clear that the terms of the loan agreement vary materially from those of the loan commitment letter. The representation in Citfed's loan commitment letter that no draw would be paid unless the Gildows had approved payment in writing, indicating their satisfaction, could be found to be a significant inducement for them to borrow from Citfed. Citfed's promise in that regard was a part of the consideration it gave the Gildows to enter the loan agreement. The Gildows could have refused to close the loan upon discovering the new provisions. However, that would impose a cost on them which fair dealing on the part of Citfed would have avoided.
The variance between the loan commitment letter and the loan agreement lost any significance it might have had with respect to the Gildows' claims for relief when the trial court excluded the letter from the terms of the contract under the parol evidence rule, and when it held that the Gildows' failure to discover the variance when they signed the loan agreement obviated their misrepresentation claim. See ABM Farms, Inc. v. Wood
Ohio St.3d 498. On appeal, the Gildows challenge those findings. However, we need not reach those particular issues to decide the error assigned.
It is undisputed that each and every payment that Citfed made to Barlage Builders from the Gildows' construction loan account was authorized in writing by Joseph Gildow, who therein also warranted that he had inspected the contractor's work and was satisfied with it.
Therefore, and notwithstanding the contrary terms of the loan agreement, Citfed actually performed the promise that it made in the loan commitment letter. That performance prevents any finding of a breach of contract resulting from Citfed's failure to perform the promise that it made.
The Gildows' assignment of error is overruled.
 CITFED'S CROSS APPEAL THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT AGAINST CROSS-APPELLANT ON ITS COUNTERCLAIM AGAINST PLAINTIFF-CROSS-APPELLEES JOSEPH GILDOW AND JANE GILDOW.
 The Gildows promised "to (sic) save Lender harmless from any and all liability resulting from any disbursements made pursuant to this" loan agreement. Relying on that provision, Citfed sought to recover the amounts it expended in defending against the Gildows' claims, including attorney fees. Citfed subsequently moved for summary judgment on its claim for relief.
The trial court denied Citfed's motion for summary judgment on its counterclaim, reasoning that the term "liability" as used in the hold-harmless clause "was meant to refer to actual loss experienced by a lender," that is, "to the value of the disbursement, not attorney fees and litigation expenses." The court subsequently entered judgment for the Gildows by way of an agreed entry. No reason was given by the court for the judgment it rendered.
Citfed argues that the trial court construed the term "liability" as it appears in the hold-harmless agreement too narrowly. In denying the Citfed's motion for summary judgment on that account, the court necessarily found that genuine issues of material fact remained to be determined concerning what the parties intended the term "liability" to include. A trial was required for that determination.
The record fails to indicate that a trial was conducted. We have no record of any trial proceedings. Instead, Citfed agreed to a judgment in favor of the Gildows. That finding operates as a determination that the parties intended the hold harmless agreement to not include as a "liability" expenditures of the kind Citfed sought to recover from the Gildows. Absent any evidence to the contrary, we must affirm the judgment from which the appeal was taken.
Citfed's assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, we will affirm the judgment from which this appeal is taken.
FAIN, J. and YOUNG, J., concur.