OPINION
{¶ 1} Plaintiff, Martin D. Risley appeals from a summary judgment for Defendants, Comm Line, Inc., Midwest Communications Technologies, and James J. Courtney, on Risley's claims for relief alleging age discrimination and wrongful discharge. Both claims arise from Risley's termination from his employment as a contract estimator by "Black Box Network Services" ("Black Box"), a trade name under which the Defendants do business.
 {¶ 2} Risley was one of two estimators employed at Defendant's Troy, Ohio business office. The other was Kevin Eastabrooks. As estimators, each performed site surveys, calculated the materials required for cable installations, and priced-out the job involved. Both had been employed for some considerable time. They were paid approximately the same salaries. Their immediate supervisor was James McAfee.
 {¶ 3} In March of 2001, sales volume at Black Box's Troy location was down by about twenty-five per cent. McAfee concluded that costs had to be reduced by $50,000 to $100,000 per year. In evaluating the firm's needs, McAfee concluded that one of the two estimators would have to be let go. After consulting with the firm's owner, Defendant Courtney, McAfee terminated Risley and retained Eastabrooks.
 {¶ 4} Risley was fifty-nine years of age when he was terminated. Eastabrooks was then forty-seven. Risley commenced the action underlying this appeal, alleging three claims for relief: statutory age discrimination in violation of R.C. Chapter 4112, wrongful discharge on account of his age in violation of Ohio's public policy, and unjust enrichment. The unjust enrichment claim was based on wages allegedly due and owing for work Risley performed prior to his termination.
 {¶ 5} The unjust enrichment claim has been settled. The trial court granted Defendants' motion for summary judgment on Risley's age discrimination and wrongful discharge claims. The court held that Risley likely could not prove age discrimination because Eastabrooks is a member of the same statutorily protected class of persons, those who are age forty and older; and, that even absent that difficulty Risley had not demonstrated that the legitimate, non-discriminatory reason Defendants presented for terminating him while retaining Eastabrooks was a pretext for age discrimination. Absent age discrimination, the claim of wrongful discharge on account of age could not be maintained.
 {¶ 6} Risley filed a timely notice of appeal. He presents two assignments of error.
 FIRST ASSIGNMENT OF ERROR {¶ 7} "The trial court erred to the prejudice of plaintiff-appellant by requiring him to demonstrate that his comparator was outside the protected class and granting summary judgment to the employers."
 SECOND ASSIGNMENT OF ERROR {¶ 8} "The trial court erred to the prejudice of plaintiff-appellant by dismissing his claim of wrongful discharge."
 {¶ 9} R.C. 4112.14(A) provides that no employer shall discharge without just cause any employee aged forty or older who meets the qualifications of the position and who can perform its requirements. Paragraph (B) of the section creates a right of civil action for money damages for a person claiming that he or she is the victim of such age discrimination.
 {¶ 10} An R.C. 4112.14 claim for relief may be proved by direct evidence or circumstantial evidence. When the latter, and in order to establish a prima facie case for trial, a discharged employee must show that he was (1) a member of the statutorily protected class, (2) discharged, (3) qualified for the position, and (4) replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class. Byrnes v. LCI Communication Holdings Co. (1996),77 Ohio St.3d 125.
 {¶ 11} The purpose of the Byrnes showing is to demonstrate that the employer was motivated by the discriminatory purpose that R.C.4112.14(A) prohibits. Id. "Just cause" is a defense under R.C. 4112.14(A). Just cause for discharge is established if the plaintiff was terminated for reasons other than those explicitly prohibited by the statute. Barkerv. Scovill, Inc. (1983), 6 Ohio St.3d 146. (Construing former R.C.4107.17).
 {¶ 12} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morrisv. First National Bank Trust Co. (1970), 21 Ohio St.2d 25. In reviewing a trial court's grant of summary judgment, an appellate court must view the facts in a light most favorable to the party who opposed the motion. Osborne v. Lyles (1992), 63 Ohio St.3d 326. Further, the issues of law involved are reviewed de novo. Nilavar v. Osborn (1998),127 Ohio App.3d 1.
 {¶ 13} Risley offered no direct evidence of age discrimination. Instead, he relied on the circumstantial line of proof recognized inByrnes as demonstrating a prima facie claim. The Byrnes factors are also necessary elements of proof if the claim is to succeed. Absent one of them, the claim must fail.
 {¶ 14} When they moved for summary judgment the Defendants argued that Risley could not satisfy the fourth Byrnes standard because Eastabrooks, the person who was retained, was also a member of the statutorily protected class of persons forty years of age and older. Risley asked the court to adopt the modification of that standard suggested in Mauzy v. Kelly Services, Inc. (1996), 75 Ohio St.3d 578. That modification, which had been adopted in O'Connor v. Consol. CoinCaterers Corp. (1996), 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433, would permit an age discrimination claim even where both persons are members of the protected class when the person retained is "substantially younger" than the plaintiff. Id., p. 312.
 {¶ 15} The O'Connor modification was not expressly adopted inMauzy and appears there in a footnote only. Id., at n. 2. Further,Byrnes was decided after Mauzy and Byrnes made no reference to theO'Connor modification. The Ohio Supreme Court has not applied the modification in subsequent cases, but neither has the court rejected it. The modification has been rejected by some Ohio appellate courts. SeeCoryell v. Bank One Trust Co. (August 29, 2002), Franklin App. No. 02AP-191; Srail v. RJF International Corp. (1998), 126 Ohio App.3d 629. The modification has been adopted by at least one. See Outzen v.Continental General Tire, Inc. (Feb. 2, 2000), Summit App. No. 19604.
 {¶ 16} We cannot conclude that the Ohio Supreme Court in Mauzy
adopted the O'Connor modification of or, more properly, exceptions to the protected class factor in Byrnes, which continues to require that the person retained be outside the plaintiff's protected class. There are, however, at least two good reasons why the O'Connor exception ought to be adopted.
 {¶ 17} First, as the Supreme Court pointed out in O'Connor, "the fact that one person in the protected class has lost out to another person in the protected class is . . . irrelevant, so long as he has lost out because of his age." Id. R.C. 4112.41 prohibits discrimination committed with that intent or purpose. So, strict adherence to the protected class requirement that ignores dramatically different ages isn't consistent with the legislative purpose.
 {¶ 18} Second, unlike discrimination on account of race, gender, national origin, religion or other "suspect class" identities typical of an equal protection analysis, which are comparatively absolute in their application, age discrimination is more relative in its application. It makes sense to recognize the fact of age difference, so long as it is substantial and the person alleging age discrimination is a member of the class to which the statute extends its protection. The more liberal application is consistent with the command of R.C. 4112.08 that the provisions of R.C. Chapter 4112 "shall be construed liberally for the accomplishment of its purposes."
 {¶ 19} The trial court did not reject Risley's claim because Eastabrooks was also a member of the protected class. After considering the arguments, the court decided Defendant's motion for summary judgment in their favor on a finding that, even assuming arguendo that Risley had satisfied the Byrnes standards, he nevertheless could not show that the Defendant's stated reason for terminating him, a reason which satisfied the legitimate, nondiscriminatory reason requirement, was a pretext for age discrimination. Therefore, we need not determine whether, on this record, the O'Connor exception should apply.
 {¶ 20} In the context of a defendant's Civ.R. 56(C) motion for summary judgment proceeding, and after the plaintiff has pointed to evidence that satisfies the four Byrnes factors, the defendant may overcome the discriminatory presumption which the factors establish by "propounding a legitimate, nondiscriminatory reason for plaintiffs' discharge. (Then), the plaintiff must . . . show that the rationale set forth by defendant was only a pretext for the unlawful discrimination."Kohmescher v. Kroger Co. (1991), 61 Ohio St.3d 501, 503, quoting Barkerv. Scovill. Those showings correspond to the just cause exception in R.C. 4112.14(A).
 {¶ 21} In its order and decision of September 5, 2002, granting the Defendants' motion for summary judgment, the trial court stated that, even if Risley's proof satisfies the Byrnes tests, "Black Box has articulated some legitimate, nondiscriminatory reasons for Ridley's discharge." Decision, p. 10. The court did not identify that reason. It stated further, however, that "Risley has not raised a genuine issue of material fact as to whether the Black Box's asserted legitimate and nondiscriminatory reasons for (discharging) Risley were a pretext for employment discrimination." Id. That showing is required to preserve the issue for trial over evidence of the legitimate, non-discriminatory reason that supports a defendant's Civ.R. 56(C) motion. Dresher v. Burt
(1996), 75 Ohio St.3d 280.
 {¶ 22} When an appellate court reviews a summary judgment the issues of law involved are reviewed de novo. Nilavar v. Osborn. One of those issues is whether, on the evidence presented, a genuine issue of fact material to the claim for relief involved remains for determination. When the trial court finds that such issues have been foreclosed by the evidence, it is helpful to know on what evidence the court relied.
 {¶ 23} We glean from the record and the briefs the parties filed that the legitimate, nondiscriminatory reason the Defendants propounded as their reason for retaining Eastabrooks and terminating Risley were (1) that a business downtown required that one of them be let go and (2) that their supervisor, McAfee had a better working relationship with Eastabrooks and believed that Eastabrooks did the better job as an estimator. Risley doesn't challenge the first of those two reasons. However, he challenges the second.
 {¶ 24} Risley argues that his former employers' cited reasons for preferring Eastabrook are only a pretext for age discrimination against Risley. He points out that his formal education, specialized training, skill certification, and job experience are all objectively superior to Eastabrooks'. Risley also argues that McAfee, their supervisor, was insufficiently familiar with how the two men performed their jobs to be able reasonably to prefer one over the other. Risley also questions the notion that he made mistakes, saying that Eastabrooks made more serious errors. He further questions McAfee's and the Defendants' sincerity and candor in the reasons they cited.
 {¶ 25} The Defendants offer contradictory arguments on these points. However, per Civ.R. 56(C), all evidence offered in support of or opposition to a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Therefore, any conflicts in these contentions must be resolved in Risley's favor. The further issue, then, is where those matters take us.
 {¶ 26} Risley's contentions pertain to the legitimacy of the reasons on which the Defendants say they relied in deciding to retain Eastabrooks and terminate Risley. Whether such reasons are legitimate depend not on their correctness but on their nature; whether, as reasons, or more properly causes, they are matters on which an employer justly may rely in making the choice concerned.
 {¶ 27} We believe that the reasons or causes the Defendants cited, including McAfee's view that as between the two men he had a better working relationship with Eastabrooks, fit comfortably within the legitimate, nondiscriminatory reason standard. Therefore, they rebut the presumption that the four Byrnes factors might create with respect to Risley's age discrimination claim. Risley's burden, then, is to show that the Defendants' reasons are a mere pretext for the purpose that R.C.4112.14(A) prohibits, age discrimination.
 {¶ 28} A pretext is an ostensible reason or motive that is assigned or assumed as a color or cover for an actor's real reason or motive for a course of conduct. Black's Law Dictionary (5th Ed.) In this context, an age discrimination claimant must show that "the employer's proffered reason is unworthy of credence." Reeves v. Sanderson PlumbingProducts, Inc. (2000), 530 U.S. 133, 143, 147 L.Ed.2d 105, ___,120 S.Ct. 2097, 2016, quoting Texas Dep't of Community Affairs v. Burdine
(1981), 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207. That showing does not involve weighing the sufficiency of the reasons the employer gives to support the judgment the employer made to terminate the claimant. Rather, it looks to whether the reasons offered are, on the facts involved, objectively false. Reeves.
 {¶ 29} Risley has not shown, even on the standards imposed by Civ.R. 56(C), that the reasons Defendants gave for terminating him while retaining Eastabrooks are false. The decision to eliminate one of the two positions because of a business downturn is not challenged. Otherwise, Risley challenges the correctness of his employer's judgment, citing his own superior qualifications and experience. However, that doesn't show that the employer's reasons for preferring to work with Eastabrooks are false reasons.
 {¶ 30} McAfee and Eastabrooks had worked together for eighteen or nineteen years, and had once started their own company. McAfee concluded that Eastabrooks' job estimates were better than Risley's: the description of the work involved, the drawings made, and the overall package presented by Eastabrook were all better than Risley's, in McAfee's view. None of Risley's evidence demonstrates that these reasons are unworthy of credence. Reeves. Indeed, Risley conceded that McAfee was of the opinion that Eastabrooks was a better estimator. (Deposition, p. 23). Risley, instead, contests the correctness of that opinion.
 {¶ 31} We find that, on this record, the trial court did not err when it found that there was no genuine issue of material fact with respect to whether Risley could show that the Defendants' proffered reason for terminating him and retaining Eastabrooks was a mere pretext for prohibited age discrimination. Therefore, the trial court did not err when it granted Defendant's Civ.R. 56(C) motion for summary judgment on Risley's R.C. 4112.14 age discrimination claim.
 {¶ 32} Risley also alleged wrongful discharge. Risley offers no support for that claim, except to argue that a discharge on account of age is wrongful because it violates Ohio's public policy. We agree that it probably does. However, that policy is encompassed in R.C. 4112.14, and Risley's claim for relief founded on that section fails. We see no additional basis on which a wrongful discharge may then be found.
 {¶ 33} The assignments of error are overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and WOLFF, J., concur.