OPINION
{¶ 1} This is an appeal from an order of the court of common pleas granting a motion for summary judgment in favor of a Board of Education and against its former treasurer on claims for relief arising from his termination.
 {¶ 2} In March of 1998, Plaintiff/Appellant, Kevin Moxley was hired as treasurer of the Trotwood-Madison City School District. Moxley's employment contract automatically renewed by operation of law. As a result, in January of 2001, his contract was renewed for an additional four years.
 {¶ 3} From November of 2000 to February of 2001, the Trotwood-Madison Board of Education sent Moxley several letters informing him that his work performance was unsatisfactory and that it must be improved. On March 8, 2001, the Board placed Moxley on paid administrative leave. In doing so, the Board issued another letter which indicated the Board's dissatisfaction with Moxley's performance.
 {¶ 4} On May 3, 2001, Moxley received a letter informing him that the Board would meet in executive session on May 10, 2001, and he would then have an opportunity to present any information he believed would be helpful to the Board in determining whether his employment as treasurer should be terminated. Moxley was also informed that he was entitled to bring representation.
 {¶ 5} Moxley attended the May 10, 2001 meeting and presented the Board with a written statement. After Moxley informed the Board that he had nothing further to say, the Board voted to terminate Moxley's employment.
 {¶ 6} On June 11, 2001, Moxley filed both a notice of appeal pursuant to R.C. 2506.01 and a complaint in the common pleas court. His complaint alleged that Moxley had been denied due process of law, that the Board breached his employment contract, and that the Board violated the requirements of R.C. 3313.22.
 {¶ 7} Moxley subsequently dismissed his 2506.01 administrative appeal and elected to pursue his claim for relief pleaded in his complaint. The Board filed a motion for summary judgement. The trial court granted the motion.
 {¶ 8} Moxley now appeals, presenting three assignments of error. We will address them in the order that facilitates our determination of the appeal.
 SECOND ASSIGNMENT OF ERROR {¶ 9} "The trial court committed prejudicial error in finding that appellee provided appellant with due process of law."
 {¶ 10} Where a public employee's right to employment is guaranteed by statute, the employee has the right to due process in his removal from office. See McDonald v. Dayton, 146 Ohio App.3d 598, 605,2001-Ohio-1825; Cleveland Bd. of Edn. v. Loudermill (1985), 470 U.S. 532. A two-step analysis must be used when considering a claim that due process rights were violated. "First a court must determine whether the claimant has a right or interest that is entitled to due process protection. Second, if the claimant was deprived of such a right or interest, the court must determine what process is due." McDonald,supra, at 605; Loudermill, supra.
 {¶ 11} Moxley possessed a property interest in his employment as treasurer pursuant to R.C. 3313.22, which extended his employment contract with the school district through 2004. He was entitled to due process protections when deprived of that interest by the Board.
 {¶ 12} As for the second prong of the due process inquiry, when an individual is deprived of a protected property interest a predeprivation hearing generally is required to satisfy the dictates of due process.McDonald, supra; Loudermill, supra. "The predeprivation process need not be elaborate, depending upon the importance of the interests at stake. When determining the amount of process due, a balance must be struck between the private right in retaining the property interest, the governmental interest in swift removal of unsatisfactory employees and avoidance of administrative burdens, and the risk of an erroneous decision." McDonald, supra (citing Loudermill, supra).
 {¶ 13} Moxley received a pre-removal hearing that included notice of the charges against him, an explanation of the Board's evidence, and an opportunity to present his side of the story. The trial court found that this pre-removal hearing satisfied Moxley's due process rights. We agree, and find that Moxley's due process rights, as outlined inLoudermill and McDonald, were satisfied.
 {¶ 14} Moxley's right of relief on his due process claim is an R.C. 2506.01 appeal to the common pleas court. Moxley filed an R.C. 2506.01
appeal on the same day he filed his complaint with the common pleas court. However, Moxley voluntarily dismissed his R.C. 2506.01
administrative appeal, and elected to instead prosecute only the common law claims pleaded in his complaint. When Moxley voluntarily dismissed his R.C. 2506.01 appeal, he waived any right to complain that he was not afforded full due process.
 {¶ 15} The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR {¶ 16} "There was a genuine issue of material fact on the issue as to whether appellee had already made a decision to terminate appellant's contract prior to the pre-termination meeting, therefore, the trial court committed prejudicial error in granting appellee summary judgment on that claim."
 {¶ 17} Moxley argues that the pre-termination hearing that he received from the Board was insufficient because the Board had already decided to terminate his employment or was predisposed to terminating his employment.
 {¶ 18} We agree that Moxley's due process rights may have been compromised had the Board gone into his pre-termination hearing determined to terminate his employment and unwilling to even listen to his responses to the complaints against him. However, we can find no evidence that this occurred. And, as explained above, when Moxley dismissed his R.C. 2506.01 administrative appeal he waived the right to complain of any deprivation of his due process rights.
 {¶ 19} Moxley's third assignment of error is overruled.
 FIRST ASSIGNMENT OF ERROR {¶ 20} "There was a genuine issue of material fact on the issue as to whether appellee terminated appellant's treasurer's contract for "cause," Therefore, the trial court committed prejudicial error in granting appellee summary judgment on the claim."
 {¶ 21} Summary judgment may not be granted unless the entire record demonstrates that there is no genuine issue of material fact and that the moving party is, on that record, entitled to judgment as a matter of law. Civ.R. 56. The burden of showing that no genuine issue of material fact exists is on the moving party. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 22} All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First Natl. Bank TrustCo. (1970), 21 Ohio St.2d 25. "Because a trial court's determination of summary judgment concerns a question of law, we apply the same standard as the trial court in our review of its disposition of the motion; in other words, our review is de novo." Am. States Ins. Co. v. Guillermin
(1996), 108 Ohio App.3d 547, 552.
 {¶ 23} Moxley's complaint alleges that the board deprived him of the rights or benefits he is afforded by R.C. 3313.22 when it fired him without cause. That section authorizes school boards to enter into an employment contract with a treasurer and to terminate the treasurer during the contract term for "cause."
 {¶ 24} R.C. 3313.22 imposes specific duties on boards of education. Where a statute imposes duties on a state agency, private parties are not entitled to use that statute in private actions unless the statute specifically states that they can. See, e.g., Chapter 1345, Consumer Sales Practices; R.C. 1345.09. Nowhere does R.C. 3313.22 state that the section confers a private right of action on individuals for a school board's violation of the statute. Because R.C. 3313.22 fails to provide private individuals with a private right of action, Moxley's claims with respect to R.C. 3313.22 fail to present a claim upon which relief may be granted. The claimed statutory violation was subject to dismissal pursuant to Civ.R. 12(B)(6). We cannot find that Moxley was prejudiced when, instead, the court granted summary judgment for the board on that claim pursuant to Civ.R. 56(C).
 {¶ 25} Moxley's complaint also alleged breach of contract claim, which is a straight common law claim for breach of the employment contract between Moxley and the Board. The contract contains a "cause" provision permitting the Board to terminate him. The trial court found that the Board had cause to terminate Moxley and granted its motion for summary judgment. We disagree.
 {¶ 26} Moxley was deposed on April 1, 2002, by counsel for the Board, as if on cross-examination. Moxley's attorney was present, but he did not question Moxley. The Board relied on Moxley's deposition statements, almost exclusively, in support of its motion for summary judgment. Moxley subsequently filed his own motion contra, supported by his own affidavit.
 {¶ 27} Ordinarily, a party may not preserve or create a genuine issue of material fact merely by contradicting his own prior sworn statement. However, in this instance Moxleys' deposition was as if on cross-examination, for discovery purposes, which limited Moxley's opportunity to explain the answers he gave. He was entitled to explain them in his own affidavit. Therefore, Moxley's affidavit must be considered along with his deposition statements, in a light most favorable to him, to determine whether a genuine issue of material fact remains for determination.
 {¶ 28} The Board argued that Moxley admitted in his deposition that he failed to correct an audit citation from a prior year, and that this failure lead to the same citation for the next year. In his affidavit, Moxley explains that he took action to prevent this citation from appearing in the audit report. He further explained that he presented an amendment to the Board which would have eliminated the citation, and that he explained to the Board that the amendment had to be passed or the citation would be issued. Even with this information, Moxley states, the Board chose to table the amendment.
 {¶ 29} The Board also relied on Moxley's deposition testimony admitting that he failed to submit timely financial reports to the Board. However, in his affidavit, Moxley testified that he failed to deliver some of the financial reports by the deadlines because he had not received financial statements from the bank in time to prepare the financial reports.
 {¶ 30} The Board argued that Moxley's management of federal grants was very poor, and that it resulted in the misappropriation and non-appropriation of funds. Moxley countered in his affidavit that the methods he used to manage and appropriate the funds were exactly the same as those he had used in the two previous fiscal years. Moxley testified that he was never informed that these methods were unsatisfactory to the Board. In fact, Moxley noted, in two of his previous evaluations from the Board he received praise for the procedures he established for appropriating the funds.
 {¶ 31} The Board also relied on Moxley's admission that he failed to correct, in a timely manner, citations identified by the State of Ohio Auditor's Office in a management letter that was issued after the December 2000 audit. Moxley responded that he did address the citations contained in the management letter in a timely manner. He testified that he put together a plan and a time-line to correct the problems, and that all items had been completed on the time-line when the Board placed him on administrative leave.
 {¶ 32} Moxley's affidavit also indicated that the financial statements he prepared were audited by the Government Finance Officers Association and the Ohio Association of School Business Officials, and that he received certificates of excellence from both organizations. These awards, he testified, are the highest form of recognition a treasurer can receive for his or her reporting practices. He also noted that the audit performed indicated that his school district was a low-risk auditee, which means that the Auditor's office felt that the treasurer's office was utilizing the proper internal controls.
 {¶ 33} As it is used in R.C. 3313.12, the term "cause" refers not merely to some plausible reason that a Board of Education decides to subscribe to and adopt. Were that the standard, any plausible reason would suffice, so long as a school board adopts it, which is plainly not the purpose of the protections that R.C. 3313.22 confers on treasurers. In that context, "cause" means a justification; that is, a legitimate and reasonable foundation for the Board's decision to terminate its treasurer's contract. Whether such cause exists is a fact-sensitive inquiry which, like most issues of reasonableness, can rarely be determined by summary judgment on the standards Civ.R. 56(C) imposes.
 {¶ 34} We believe that Moxley's testimony in his deposition and his affidavit preserved a genuine issue of material fact with respect to whether the Board had cause to terminate his employment. Accordingly, this assignment of error is sustained.
 {¶ 35} The trial court erred in granting the Board's motion for summary judgment. Therefore, Moxley's first assignment of error is sustained. The judgment from the trial court from which this appeal was taken will be reversed and remanded.
FAIN, P.J., and WOLFF, J., concur.