OPINION
{¶ 1} Plaintiff-appellant, Frankie J. Hora, appeals a decision of the Preble County Court of Common Pleas granting summary judgment in favor of his parents, defendants-appellees, James W. and Anita G. Hora ("the Horas").
 {¶ 2} The Horas own 287 acres of farm ground in Preble County, Ohio. The farm initially raised hogs, grain, and specialty crops such as tobacco. In 1977, upon graduating *Page 2 
from high school, appellant expressed interest in working in the family farm operation, and he and his family moved onto the farm where appellant lived rent-free for over 30 years. In 1982, the Horas retired from the farming business and entered into a lease agreement with appellant. The 1982 lease agreement provided that appellant would continue the farming operation, lease all of the Horas' farm ground and equipment, and in exchange, pay them one-half of the net proceeds of the farming operation. Several years later, the sharing of the net proceeds was changed to a 60/40 split, with appellant receiving 60 percent of the net proceeds and the Horas receiving 40 percent of the net proceeds.
 {¶ 3} In 1995, as the hog operation had become less profitable, the Horas suggested a produce business. The Horas invested over $100,000 into the new operation, but continued under the terms of the 1982 lease agreement with the 60/40 split in net proceeds. The produce operation was very successful. Such was not the case, however, of the relationship between the parties, which became stressed over the years. In 2004, the parties entered into a new lease agreement. The agreement, titled "LEASE AGREEMENT 2004 ONLY," provided that appellant and his wife would lease all tillable farm ground (about 287 acres), water well/plumbing, electricity, fuel storage tanks/pumps, scales, and all farm equipment (with the exception of a Farmall `A' Tractor and a flat-bed wagon); in exchange pay the Horas $71,975 (one half at the signing of the lease agreement and the other half before November 15, 2004); clean up the acreage and buildings before December 31, 2004; and not plant any crops or produce that would require harvesting after November 15, 2004. The 2004 lease agreement, which was signed on May 10, further provided that
 {¶ 4} "[T]he parties recognize this Agreement to be effective immediately upon signing this contract and any other contracts that are or may be in force will be superceded by this contract. This contract will have an absolute ending date of 12-31-04.
 {¶ 5} "[T]he parties agree [that] [t]he Lessees or Lessors shall not pursue any legal *Page 3 
action or law suit hence forward with regards to the Lessors and related Family Members for anything related to the Lessors Farm, Equipment, Operations, or this Contract past or present or implied."
 {¶ 6} The Horas terminated the business relationship after appellant failed, inter alia, to make the second lease payment. As the relationship between the parties became very strained, the Horas obtained a civil protection order against appellant. Following the demise of the produce operation, the Horas scheduled an auction to sell farm equipment and produce tools. On September 7, 2005, appellant successfully moved the trial court for a restraining order and filed a complaint against the Horas. The complaint asserted that notwithstanding the parties' 1982 lease agreement, "in reality, the parties operated in the nature of a partnership;" in 1982 and on several occasions since, the Horas represented to appellant that they would convey ownership of the farm to appellant as long as he would farm the land; and based upon these representations, appellant farmed the land for 24 years. The complaint alleged that the Horas had been unjustly enriched at appellant's expense; breached a contract; attempted to dissolve the parties' partnership in violation of R.C. Chapter 1775; and converted appellant's personal property (farming equipment and materials) and crops. The complaint made no mention of the 2004 lease agreement.
 {¶ 7} In their answer, the Horas referred to the 2004 lease agreement and asserted that appellant had breached the 2004 lease agreement; unjustly enriched himself at the Horas' expense; converted some of the Horas' farming equipment; and interfered with a business contract (the auction). The Horas subsequently moved for summary judgment on the grounds that (1) their alleged promise to convey the farm to appellant was not in writing; further they "vehemently" denied making any such promise; (2) appellant's claim of conversion of personal property failed as appellant had admitted that most of the items for the auction were not his; (3) appellant's claim of conversion of crops failed as he had planted *Page 4 
crops which required harvesting after November 15, 2004 in violation of the 2004 lease agreement; (4) with regard to the parties' alleged partnership, the Horas denied a partnership was ever formed; the evidence did not support a partnership; and in any event, the 2004 lease agreement clearly superseded any prior agreement between the parties; and (5) based upon the covenant not to sue in the 2004 lease agreement, they were entitled to summary judgment on all of appellant's claims. The Horas reiterated that appellant breached the 2004 lease agreement by failing to make the second lease payment and clean up the property.
 {¶ 8} In his memorandum contra summary judgment, appellant argued that the Horas converted his personal property when they tried to sell partnership property at the auction; relying on the Horas' promise over the years they would convey the farm to him, appellant farmed the property and increased the profitability of the farming operation, thus the Horas unjustly enriched themselves at appellant's expense; and appellant's failure to make the second lease payment was justified by the Horas' failure to provide him with certain equipment.
 {¶ 9} On February 27, 2007, the trial court granted summary judgment to the Horas on all issues raised in appellant's complaint with the exception of his breach of contract claim. The trial court found there were genuine issues of material fact as to whether the Horas breached the 2004 lease agreement by not providing certain equipment and whether their breach justified appellant's failure to pay the full contract price. The trial court also held that the covenant not to sue was valid and enforceable. Appellant appeals, raising one assignment of error:
 {¶ 10} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE [HORAS] ON THE APPELLANT'S CLAIMS FOR RELIEF."
 {¶ 11} This court's review of a trial court's ruling on a motion for summary judgment is de novo. Broadnax v. Greene Credit Service (1997),118 Ohio App.3d 881, 887. Summary *Page 5 
judgment is appropriate when there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ. R. 56(C);Smith v. Five Rivers MetroParks (1999), 134 Ohio App.3d 754, 760. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First Natl. Bank Trust Co. (1970),21 Ohio St.2d 25. To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107. The nonmoving party must then present evidence that some issue of material fact remains to be resolved. Id.
 {¶ 12} Appellant argues it was error for the trial court to grant summary judgment to the Horas on his unjust enrichment and conversion claims because it was uncontroverted that appellant signed the 2004 lease agreement under duress, as a result no meeting of the minds could have occurred and the covenant not to sue in the 2004 lease agreement was not enforceable; the 2004 lease agreement could be interpreted in more than one way and solely dealt with the growing of crops; and appellant's claims of unjust enrichment and conversion of personal property were based upon the parties' partnership.
 {¶ 13} "It is axiomatic that a party cannot raise new issues or legal theories for the first time on appeal. Failure to raise an issue before the trial court results in waiver of that issue for appellate purposes."Estate Planning Legal Servs., P.C., v. Cox, Butler App. Nos. CA2006-11-140, CA2006-12-141, 2008-Ohio-2258, ¶ 17.
 {¶ 14} On appeal, appellant asserts that it was uncontroverted he signed the 2004 lease agreement under duress. While appellant testified to that effect in his deposition, appellant never raised that issue in his complaint or in his memorandum contra summary *Page 6 
judgment, and is now raising the issue for the first time on appeal. We are mindful of appellant's assertion during oral arguments before this court that he raised the issue, albeit in a single sentence, in his memorandum contra summary judgment. We have carefully reviewed this pleading and are unable to locate the issue. Although the memorandum does not appear to be missing pages, it may be possible the issue was raised in a page that is now missing. However, we cannot tell as the pages are not numbered. Based upon the record before us, because appellant did not raise the issue of duress before the trial court, he has waived it and we decline to consider it. Likewise, we decline to consider appellant's claims that there was no meeting of the minds, the covenant not to sue is not enforceable, and the 2004 lease agreement could be interpreted in more than one way as those issues are raised for the first time on appeal. We further note that appellant has never challenged below the validity of the 2004 lease agreement or of any of its provisions.
 {¶ 15} With regard to his claim of conversion of crops, appellant stated in his complaint that he planted winter wheat in the fall of 2004 and that after he was ejected from the property, the Horas converted the crops by harvesting the winter wheat and selling it. In his reply to the Horas' counterclaims, appellant admitted planting winter wheat which required harvesting after November 15, 2004. In granting summary judgment to the Horas on that conversion claim, the trial court stated: "the [2004 lease] agreement clearly provides that no crops are to be planted that will result in a harvest day past November 15, 2004. [Appellant] apparently argues that in prior years similar requirements were ignored. However, in the Court's opinion, evidence of past practice of the [Horas] allowing winter crops to be planted is not relevant in this case given the very specific and clear language used in the agreement. As set forth above, the agreement specifically state that it will supersede all other contracts and that it will have an absolute ending date of December 31, 2004."
 {¶ 16} In light of the foregoing, we find that the trial court did not err when it granted *Page 7 
summary judgment to the Horas with regard to appellant's claim of conversion of crops.
 {¶ 17} With regard to his claim of conversion of personal property, appellant stated in his complaint that over the years he had purchased and accumulated various items of personal property consisting of materials and equipment used for farming and the produce operation, and that after he was ejected from the property, the Horas converted appellant's personal property by refusing to return it and by trying to sell it at an auction. In their motion for summary judgment, the Horas argued that appellant's conversion claim failed as he had admitted most of the items for the auction were not his. In his memorandum contra summary judgment, appellant did not challenge this assertion by the Horas; rather, he essentially argued that the property was his personal property because it was property belonging to the partnership or property he had repaired and/or maintained or bought components for. Appellant did not argue that assuming the property was not partnership property, there were genuine issues of material fact as to whether some of the allegedly converted items were his.
 {¶ 18} In its decision, the trial court found that "the [2004 lease agreement] is extremely significant in that same is clearly an attempt by the parties to provide for the use of the property for a year while also resolving all of the issues that existed between them. [T]he relationship between the parties had deteriorated during a period leading up to the 2004 agreement. The language used in the agreement clearly evidences an intent of the parties to resolve their differences. The covenant not to sue each other is nothing more than a contract, or in this case, a provision of a contract, and each party is entitled to enforce same.
 {¶ 19} "In their motion for summary judgment, [the Horas] argue that [appellant's] complaint must be dismissed because [appellant] had executed a contract in which he agreed not to pursue any litigation against the [Horas]. [Appellant] has failed to respond to this claim.
 {¶ 20} "[Appellant's] response focuses on the law relative to partnership and the dissolution of same, the law related to unjust enrichment, general contract law and law related *Page 8 
to past performance as same pertains to avoiding the Statute of Frauds. All of these issues pertain to [appellant's] general claim that over the years he had been promised an ownership interest in equipment and real estate in return for his work on the farm. Clearly all of [appellant's] claims existed prior to the execution of the 2004 agreement, and it is those claims that were resolved by the covenant not to sue contained in the agreement. [Appellant's] conversion claim, which focuses on the [Horas'] attempt to sell farm equipment at auction is nothing more than an extension of his claim that the property is partnership property."
 {¶ 21} In light of the foregoing, and given the clear language in the 2004 lease agreement that the agreement supersedes any other contracts that are or may be in force, including the parties' alleged partnership, and appellant's failure to challenge the validity of the 2004 lease agreement or of its provisions, we find that the trial court did not err by granting summary judgment to the Horas with regard to appellant's claim of conversion of personal property.
 {¶ 22} At this juncture, we note that the depositions of appellant and James Hora reveal, and counsel for the Horas conceded during oral arguments, that several of appellant's personal belongings unrelated to the farming operation are still in the possession of the Horas, items that appellant has been unable to retrieve due to the civil protection order against him. Notwithstanding the strained relationship between the parties, we strongly advise the parties to resolve this matter in a prompt and fair manner.
 {¶ 23} We find that the trial court did not err in granting summary judgment to the Horas. Appellant's assignment of error is overruled.
 {¶ 24} Judgment affirmed.
 WALSH, P.J. and BRESSLER, J., concur. *Page 1