OPINION
{¶ 1} Plaintiff-appellee West American Insurance Company appeals from a judgment against in on its subrogation claim for negligent damage to property against Mohammed, Rehab, Dalia, Fahed, Manel, Ahmad, Islam, and Homzeh Saleh, residents of leased premises at 2402 King Richard Parkway, Miamisburg, Ohio, which was the scene of a fire. West American contends that the trial court erred by failing to apply the *Page 2 
doctrine of res ipsa loquitur to this case.
 {¶ 2} We conclude that the trial court appropriately applied the doctrine of res ipsa loquitur in this case, and that the trial court's finding that the defendants were not negligent is supported by the evidence in this record. Accordingly, the judgment of the trial court is Affirmed.
 {¶ 3} I {¶ 4} The leased premises were damaged by a fire on October 4, 2003. Ali Saleh, the brother of Mohammed Saleh, had a policy of insurance from West American. West American paid Ali Saleh $42,052.22 pursuant to the policy, and brought this subrogation action against Mohammed and Rehab Saleh, and their children, on the theory that the Salehs were negligent, and that the fire resulted from their negligence.
 {¶ 5} The cause was tried before a magistrate, who rendered a decision in favor of the Salehs. West American filed objections. The trial court overruled West American's objections, adopted the decision of the magistrate, and rendered judgment for the Salehs. From the judgment against it, West American appeals.
 {¶ 6} II {¶ 7} West American's sole assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED IN FAILING TO APPLY THE DOCTRINE OF RES IPSA LOQUITUR TO THE EVIDENCE PRESENTED AND IN THIS CASE, IN GRANTING JUDGMENT FOR THE DEFENDANTS/APPELLEES." *Page 3 
 {¶ 9} West American contends that the evidence in the record clearly establishes that:
 {¶ 10} "(1) The house was under the exclusive control of the Defendants/Appellees. This fact was made perfectly clear by all the Defendants' testimony.
 {¶ 11} "(2) Defendants Mohammed Saleh and Rehab Saleh had exclusive and all encompassing control over not only the premises, but also all occupants of the premises. This was established through the testimony of the Defendants/Appellees.
 {¶ 12} "(3) The only reasonable cause for the fire was due to some human action. This fact was established by the fire expert who testified and who was not rebutted by any other expert or by any other explanation offered by Defendants/Appellees.
 {¶ 13} "(4) Based upon the establishment of #1, 2 and 3 above, and applying the principles of Res Ipsa Loquitur, the liability of the Defendants Mohammed Saleh and Rehab Saleh is supported."
 {¶ 14} West American argues:
 {¶ 15} "Accordingly, the Trial Magistrate and the Trial Judge sitting as reviewer of the Magistrate's Decision, failed to:
 {¶ 16} "(1) initially properly consider the doctrine of Res Ipsa Loquitur; and
 {¶ 17} "(2) Upon review, failed to understand the elements necessary to be established for the doctrine of Res Ipsa Loquitur to apply to the case."
 {¶ 18} The doctrine of res ipsa loquitur is not a substantive rule of recovery, but a rule of evidence that permits, but does not require, an inference of negligence when *Page 4 
certain predicate conditions are proven. Jennings Buick v. City ofCincinnati (1980), 63 Ohio St.2d 167; 406 N.E.2d 1385, 1387. Ordinarily, the negligence of a defendant must be affirmatively proven. Where the predicate conditions of res ipsa loquitur are established, the plaintiff is not required to offer affirmative evidence of the defendant's negligence, but may urge the finder of fact to infer the defendant's negligence from the predicate conditions. These include the defendant's exclusive control over the premises and the fact that the injury or damage occurring would not normally occur absent the defendant's negligence. The archetypical situation is a routine surgical procedure, in which the plaintiff is unconscious, under the influence of a general anesthetic, the defendant health-care practitioners have the exclusive control over the surgical theater, and it is established that the injury to the plaintiff would not normally occur in the absence of negligence. Under these circumstances, it is reasonable to permit an inference of negligence, but the defendants may present affirmative evidence that they were not negligent, and the finder of fact is never required to draw the inference of negligence, but may find, to the contrary, that the defendants were not negligent.
 {¶ 19} In her decision, the magistrate did not specifically address the issue of res ipsa loquitur, although West American did assert the doctrine in its closing argument. Res ipsa loquitur was addressed in West American's objections to the magistrate's decision, and in the trial court's decision overruling those objections. Essentially, the trial court concluded that there was direct evidence in the record, in the form of the testimony of the parents, Mohammed and Rehad Saleh, to rebut any inference of negligence that might arise from the application of the doctrine of res ipsa loquitur, and that a finding that the parents were not negligent was reasonable in view of the evidence *Page 5 
in the record:
 {¶ 20} "Here, the Magistrate clearly determined that the defendants observed ordinary care during this incident and, therefore, that the incident would have occurred in the ordinary course of events despite the defendants' observation of ordinary care. In particular, the Magistrate made the following conclusions regarding the defendants' use of care:
 {¶ 21} " `The degree of care in the instant case centers on what steps a reasonably prudent person in the same or similar circumstances would have done to reduce or eliminate the risk of fire. The facts are also undisputed that the parents were unaware of any matches anywhere in the house, and that any lighters were put away. The facts show that Mrs. Saleh was in a position to supervise her children at all times, and that she took additional steps at supervision by making sure the younger children were with an older child at all times. The facts further reveal that the parents were very protective of their children, and were careful to keep track of their whereabouts at all times. Therefore, the Court finds that the Defendants did not breach any duty of care required in this particular case. . . Although the investigator concluded that the fire was consistent with children playing with matches, there is nothing to suggest that the parents did something or failed to do something which directly contributed to the children's actions.'
 {¶ 22} "This Court can discover no legal or factual error in the Magistrate's findings. The evidence presented in the hearing below precluded application of the doctrine of Res Ipsa Loquitur. As fully explained in the Magistrate's decision, the plaintiff did not adduce evidence in support of the conclusion that the injury would not *Page 6 
have occurred, in the ordinary course of events, had ordinary care been observed by the defendants. Instead, the evidence supports the Magistrate's conclusion that the injury occurred, in the ordinary course of events, despite the defendants' observation of ordinary care."
 {¶ 23} We have reviewed the entire transcript of the trial, and we conclude that the evidence in the record permits a finding, by a reasonable finder of fact, that the parents, Mohammed and Rehad Saleh, were not negligent. The evidence in the record also permits a finding, by a reasonable finder of fact, that neither parent was present in the bedroom where the fire originated, at any time when the fire might reasonably have started, so that neither parent was in exclusive control of the premises, an essential predicate for application of the doctrine of res ipsa loquitur. Thus, whether the trial court found that the doctrine of res ipsa loquitur was not applicable, or whether it found that neither parent was negligent, because any inference of negligence was outweighed by their direct testimony, the finding is supported by the evidence in the record, and is not against the manifest weight of the evidence in the record.
 {¶ 24} A potential problem arises from the fact that the Saleh's children are all also named as defendants in West American's complaint. Only one child, Dalia, was an adult, being eighteen years of age, at the time of the fire. She testified, and denied having done anything that might have caused the fire. Significantly, West American's expert, Jeff Spaulding, repeatedly asserted, in his testimony, that the fire was not intentionally started. Because Dalia testified that she did nothing that could be construed as negligent, in relation to the cause of the fire, the trial court could find, as it evidently did, that she was not negligent. *Page 7 
 {¶ 25} Some, but not all, of the children who were minors at the time of the fire, testified at the trial. Children are not chargeable with the same care as persons of mature years. Although children are required to exercise ordinary care, such care, as applied to them, is that degree of care which children of the same age, education and experience, of ordinary care and prudence, are accustomed to exercise under similar circumstances. The Cleveland, Cincinnati, Chicago St. Louis Ry. Co. v.Grambo, Sr. (1921), 103 Ohio St. 471, first paragraph of syllabus.
 {¶ 26} Because a child is not held to the same standard of care as an adult, but is held to a standard of care appropriate to children of the same age, education and experience, the particular standard of care applicable to a particular child defendant must be proven. West American offered no evidence to establish the standard of care applicable to any of the minor defendants in this case. In particular, no evidence was offered relevant to the applicable standard of care for Homzeh Saleh, who was only two years old at the time of the fire, or Islam Saleh, who was only five years old at the time of the fire, neither of whom testified at the trial.
 {¶ 27} Thus, although the trial court did not specifically address the application of the res ipsa loquitur doctrine to the minor defendants, we conclude that they are entitled to judgment as a matter of law, since there has been a failure of proof as to the standard of care applicable to them, in view of their age, education and experience.
 {¶ 28} West American's sole assignment of error is overruled.
 III {¶ 29} West American's sole assignment of error having been overruled, the *Page 8 
judgment of the trial court is Affirmed.
BROGAN and WALTERS, JJ., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio) *Page 1