**HURCHANIK, Appellant,**

v.

**SWAYZE et al., Appellees.**

[Cite as *Hurchanik v. Swayze*, 173 Ohio App.3d 760, 2007-Ohio-6166.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2007–01–011.

Decided Nov. 19, 2007.

Richard L. Hurchanik, for appellant.

Triona, Calderhead & Lockemeyer, L.L.C., Stephanie P. Franckewitz, and David S. Lockemeyer, for appellees, Dr. Colleen Swayze and Obstetrics & Gynecology, Inc.

FAIN, Judge.

{¶ 1} Plaintiff-appellant, Dottie Hurchanik, appeals from a summary judgment rendered against her on her complaint for damages against defendant-appellee, Colleen Swayze, M.D. Hurchanik contends that the trial court erred by determining that there were no genuine issues of material fact remaining for a jury to determine. She further contends that the trial court erred by failing to consider the doctrine of res ipsa loquitur when determining whether to render summary judgment.

{¶ 2} Swayze grounded her motion for summary judgment upon the narrow factual predicate that the alleged thief who stole Hurchanik's identity was not a patient and had never been in Swayze's medical offices. Hurchanik successfully rebutted this factual contention when she averred that she could identify the person who entered the examining room as she was leaving as the person who, as it was later determined, had stolen her identity. As a result, Swayze failed to establish that there is no genuine issue of material fact, and the trial court erred by rendering summary judgment in her favor.

I

{¶ 3} On December 8, 2004, Dottie Hurchanik had a medical appointment with Colleen Swayze, M.D.[1] Hurchanik claims that during her appointment, her personal information was stolen from her medical file by another patient. According to Hurchanik, some days after the appointment, she was alerted by an

---

1. Swayze is either an employee or principal of defendant-appellee, Obstetrics & Gynecology, Inc. For ease of reference, both of these defendants will be referred to as Swayze.

anonymous call that "a pregnant girl named Angela" had accessed Hurchanik's file while at Swayze's office and that Angela had used the information contained in the file to obtain telephone service in Hurchanik's name. Hurchanik claims that the anonymous caller gave her Angela's address as well as the telephone number obtained in Hurchanik's name. Hurchanik personally confirmed that a telephone account had been set up in her name with Cincinnati Bell. Hurchanik alerted Cincinnati Bell's fraud department and the Butler County Sheriff's Department. Thereafter, Hurchanik filed suit against Swayze, Obstetrics & Gynecology, Inc., and Cincinnati Bell, as well as several other defendants.

{¶ 4} During discovery, it was determined that a woman named Angela Johnson had used Hurchanik's name to set up a telephone account with Cincinnati Bell. Angela Johnson was identified as an African–American, and there was information indicating that she had been pregnant at the time the account was set up.

{¶ 5} Hurchanik requested information from Swayze regarding all patients seen in Swayze's office that day. Swayze filed a motion for a protective order claiming that this information was private and not subject to disclosure. The trial court entered an order requiring Swayze to "produce the names of all female pregnant African–American patients who were in Dr. Swayze's office two hours prior to and two hours after Dottie Hurchanik's appointment of 10:45 A.M., Wednesday, December 8, 2004."

{¶ 6} Thereafter, Swayze submitted the affidavit of Teresa Hobbs, the office administrator for Obstetrics & Gynecology, Inc. In her affidavit, Hobbs averred that she had conducted a search of patient records and that no pregnant African–American patients were seen in the office at the times in question. Hobbs also averred that there was no patient record for Angela Johnson and no records containing the address or phone numbers listed for Johnson. Counsel for Swayze indicated in his letter that his client had "reviewed [her] office records and found no individuals that fit [the court's] description." However, the letter also indicated that "there exist two individuals for which [Swayze] was unable to ascertain the race." The letter further stated that neither of those persons was named Angela.

{¶ 7} Dottie Hurchanik filed her own affidavit, in which she averred the following:

{¶ 8} "[On the date in question] I was taken out of [Swayze's] waiting room by an employee or nurse, weighed, and taken to an examination room.

{¶ 9} "Very soon after I was placed in the examination room, I was taken out and put back into a waiting room so a younger girl who was Black (African–

American) and pregnant could be put into the examination room that I was taken out of.

{¶ 10} "I was later seen in the same examination room after the black pregnant girl was gone."

{¶ 11} Along with her affidavit, Hurchanik filed a motion for summary judgment seeking a determination that "the Defendants placed the Plaintiff into an examination room then immediately removed the Plaintiff and put the Plaintiff into a waiting room and another patient, a black female named Angela Johnson was put into the examination room and then later the Plaintiff was placed into the same examination room after the black female named Angela Johnson departed."

{¶ 12} Swayze then filed her own motion for summary judgment in which she argued that Hurchanik had failed to establish, by competent evidence, that Angela Johnson had been in Swayze's office on the date in question, and that she had therefore failed to establish that Johnson obtained her personal information from the medical file.

{¶ 13} Hurchanik filed a second affidavit in which she averred that after she was placed in an examining room at Swayze's office, she was returned to the waiting area prior to being examined. She also averred that a pregnant, African–American woman replaced her in the examination room. According to Hurchanik, she did not see anyone remove her file from the examining room when she was sent back to the waiting area. Hurchanik averred that when she was returned to the examination room, her medical file was in the room for Swayze to review. Hurchanik also averred that the woman who replaced her in Swayze's office appeared to be the woman who had been identified as Angela Johnson.

{¶ 14} The trial court denied Hurchanik's motion for summary judgment and granted Swayze's motion for summary judgment. In doing so, the trial court made the following findings:

{¶ 15} "There is evidence that a pregnant black female, possibly named Angela, obtained personal identity information pertaining to the plaintiff and then used that information to order telephone service for herself in plaintiff's name. The critical question is 'How did Angela obtain that information?' The plaintiff contends that Angela was able to obtain the information due to the negligence of the defendants in not properly safeguarding the plaintiff's medical records while both the plaintiff and Angela were on the defendant's premises awaiting medical treatment.

{¶ 16} "After examining the evidence we conclude that the plaintiff's argument is simply conjectural. Plaintiff has not been able to present any competent evidence that Angela obtained the identity information while in the defendant's offices, or that the defendants were negligent in failing to appropriately safe-

guard the information. It should be noted that the information provided to the Court by an affidavit where the information is hearsay to the affiant is not competent evidence and cannot be considered.

{¶ 17} "The plaintiff's evidence, at most, shows that Angela somehow obtained the identity information while on the defendant's premises. This fact, standing alone, is not evidence that the defendants were negligent. The plaintiff has failed to produce competent evidence sufficient to demonstrate that there is at least a genuine issue of material fact as to the defendants' negligence."

{¶ 18} From this judgment, Hurchanik appeals.

## II

{¶ 19} Hurchanik's first and third assignments of error state as follows:

{¶ 20} "The trial court erred when it found the plaintiff's evidence, at most, shows that Angela Johnson somehow obtained the plaintiff's identity information while on the defendants' premises and then ruled that that fact standing alone was not evidence of the defendants' negligence.

{¶ 21} "The trial court erred in noting that the critical question was 'how did the thief obtain the plaintiff's information?' and concluded that plaintiff's evidence at most shows that the thief 'somehow obtained' the identity information while on the defendants' premises when that is a factual issue for the jury and not within the province of the judge."

{¶ 22} In these two assignments of error, Hurchanik contends that the trial court erred in rendering summary judgment against her because she submitted sufficient evidence to establish a genuine issue of material fact regarding her claim of negligence.

{¶ 23} We employ a de novo review of decisions granting summary judgment. *Broadnax v. Greene Credit Serv.* (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167. Summary judgment is appropriate when there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. *Smith v. Five Rivers MetroParks* (1999), 134 Ohio App.3d 754, 760, 732 N.E.2d 422. The burden of demonstrating that there is no genuine issue of material fact is on the moving party. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. *Morris v. First Natl. Bank & Trust Co.* (1970), 21 Ohio St.2d 25, 50 O.O.2d 47, 254 N.E.2d 683. To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that

show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. The nonmoving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.

{¶ 24} From our review of the record, there appears to be no dispute that an African–American woman named Angela Johnson illegally obtained Hurchanik's personal information, which she then used to establish telephone service. The dispute, as noted by the trial court, centers on whether Johnson obtained that information from the medical file kept by Swayze.

{¶ 25} Swayze's motion for summary judgment was based solely upon the claims that Hurchanik's evidence consisted of inadmissible hearsay and that she had failed to establish that Angela Johnson was ever in Swayze's office.

{¶ 26} We agree that some of the evidence submitted by Hurchanik constitutes inadmissible hearsay. However, although Swayze's motion argued that there was no evidence, and indeed even denied, that any woman fitting the description of Johnson was in the office that day, the record contains evidence that, if believed, would permit a reasonable juror to conclude that Angela Johnson was the woman who replaced Hurchanik in the examination room. Hurchanik, in her affidavit in opposition to the motion for summary judgment, averred that the woman she saw at Swayze's office is the woman whom she recognized as having been identified in the fraud investigation as Angela Johnson. She further averred that this woman was placed in the same room that Hurchanik had been in. Further, Hurchanik's affidavit contains evidence upon which a juror could infer that her file was not removed from the examination room while Johnson was in the room. No one from Swayze's office rebutted her affidavit in that regard. There is also evidence that some of the information in Hurchanik's medical record, specifically her work telephone number, was incorrect and that this incorrect number was recorded in the records of Cincinnati Bell when the fraudulent account was opened. Given this evidence, we conclude that a reasonable juror could infer that Johnson had had access to Hurchanik's file while in that room and that she had obtained personal information therefrom.

{¶ 27} We tend to agree with the trial court that Hurchanik has failed to present evidence from which a reasonable juror could find negligence on Swayze's part in the handling of the medical record. We do not know whether it was left in the examining record under lock and key, or under some other circumstances that might constitute reasonable care. But Hurchanik was under no duty to present evidence of negligence in the handling of her medical record, because Swayze did not meet her initial burden of establishing the lack of negligence. Swayze chose to rest her motion for summary judgment upon the narrow factual

predicate that the identity thief, Angela Johnson, had never been in her offices, so that Hurchanik's personal information could not have been stolen by Johnson as a result of Swayze's negligence. When Hurchanik rebutted this factual predicate, Hurchanik satisfied her obligation under *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264. Hurchanik was not required to rebut factual averments that Swayze had not made in connection with her motion for summary judgment.

{¶ 28} The first and third assignments of error are sustained.

### III

{¶ 29} Hurchanik's second assignment of error is as follows:

{¶ 30} "The trial court erred when it did not apply the principle of res ipsa loquitur to its own findings."

{¶ 31} In this assignment of error, Hurchanik argues that the trial court should have applied the doctrine of res ispa loquitur to the issue of whether the evidence was sufficient to permit the inference that Swayze was negligent.

{¶ 32} The doctrine of res ipsa loquitur has been previously discussed as follows:

{¶ 33} "The doctrine of res ipsa loquitur is not a substantive rule of recovery, but a rule of evidence that permits, but does not require, an inference of negligence when certain predicate conditions are proven. Ordinarily, the negligence of a defendant must be affirmatively proven. Where the predicate conditions of res ipsa loquitur are established, the plaintiff is not required to offer affirmative evidence of the defendant's negligence, but may urge the finder of fact to infer the defendant's negligence from the predicate conditions. These include the defendant's exclusive control over the premises and the fact that the injury or damage occurring would not normally occur absent the defendant's negligence. The archetypical situation is a routine surgical procedure, in which the plaintiff is unconscious, under the influence of a general anesthetic, the defendant health-care practitioners have the exclusive control over the surgical theater, and it is established that the injury to the plaintiff would not normally occur in the absence of negligence. Under these circumstances, it is reasonable to permit an inference of negligence, but the defendants may present affirmative evidence that they were not negligent, and the finder of fact is never required to draw the inference of negligence, but may find, to the contrary, that the defendants were not negligent." *W. Am. Ins. Co. v. Saleh,* Montgomery App. No. 21683, 2007-Ohio-3579, 2007 WL 2019664, ¶ 18.

{¶ 34} Hurchanik's theory of negligence is that Swayze did not take reasonable care to safeguard Hurchanik's medical file while Angela Johnson was left alone in

the examining room. Obviously, neither Swayze nor her agents were in exclusive control of the examining room while Angela Johnson was left alone in the room. Therefore, the doctrine of res ipsa loquitur has no application.

{¶ 35} The second assignment of error is overruled.

IV

{¶ 36} Hurchanik's first and third assignments of error being sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

Judgment reversed<br>and cause remanded.

WOLFF and BROGAN, JJ., concur.

BROGAN, WOLFF, and FAIN, JJ., of the Second District Court of Appeals, sitting by assignment.