[Cite as *Jefferson Capital Sys., L.L.C. v. McDuffey*, 2025-Ohio-5451.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Jeferson Capital Systems, LLC | Court of Appeals No. {48}L-25-00142 |
| Appellee | Trial Court No.  CVF-24-19391 |
| v. | |
| Joe McDuffey | **DECISION AND JUDGMENT** |
| Appellant | Decided: December 5, 2025 |

* * * * *

Joe McDuffey, pro se.

* * * * *

**MAYLE, J.**

{¶ 1} In this accelerated appeal, appellant, Joe McDuffey, appeals the June 5, 2025 decision of the Toledo Municipal Court granting summary judgment in favor of appellee, Jefferson Capital Systems, LLC.[1]  For the following reasons, we reverse.

**I. Background and Facts**

{¶ 2} In its complaint, Jefferson Capital alleged that it was the owner of an installment loan account of McDuffey's, McDuffey failed to pay on the account, and McDuffey owed Jefferson Capital $11,894.16 on the account, plus costs and interest. Attached to the complaint were documents selling, assigning, and transferring a loan

---

[1] Jefferson Capital did not file a brief or otherwise participate in this appeal.

account in Joe McDuffey's name with an account number ending in 8257 from OneMain Financial Group, LLC, OneMain Financial (HI), Inc., OneMain Financial of Minnesota, Inc., and OneMain Financial, Inc. "as Attorneys-in-fact for VP Odyssey Credit Trust, NBSF 2018-2, SERIES 2020-3, POM 2021-1 TRUST, and OPFL I TRUST, and Wilmington Saving Fund Society FSB, in its capacity as trustee." The sale documents include a partial Social Security number for Joe McDuffey but no other identifying information. Also attached to the complaint is the loan agreement. It lists an address for Joe McDuffey on Overland Parkway in Toledo but does not have any other identifying information, and it was signed electronically, so it does not contain a written signature.

{¶ 3} In his answer, McDuffey claimed, "I do not agree with this. I have no knowledge of what this loan is. There are multiple Joe McDuffey's that live in Toledo, OH. I have never taken a loan out in this amount." He also provided his date of birth.

{¶ 4} After filing his answer, McDuffey filed an objection in response to "a notice to come to court" in which he claimed that he "truely [had] no knowledge about nor [had he] ever received such an amount" of money from the loan referenced in the complaint.

{¶ 5} Jefferson Capital filed an untimely motion for summary judgment. In it, Jefferson Capital claimed that McDuffey entered into a loan agreement, McDuffey failed to make payments as required under the loan agreement, the loan was assigned to Jefferson Capital, and a balance of $11,894.16 was due on the loan. It argued that its documentary evidence showed that it owned the loan and McDuffey breached the loan, so no genuine issues of material fact remained, and it was entitled to judgment as a matter of law. To support its motion, it attached an affidavit from its records custodian attesting

2.

to the amount of the debt. It also attached unsworn, uncertified copies of the loan agreement and a statement of account activity.

{¶ 6} In response to the motion for summary judgment, McDuffey filed a motion to validate debt. In it, he requested that Jefferson Capital validate the debt "by any and all means including but not limited to: D.O.B., Soc #, bank account, signature, pay check stubs, picture ID." He also claimed that "[t]his is not [his] debt."

{¶ 7} About a month later, McDuffey filed a motion for an evidentiary hearing. In this motion, he wrote,

> I am requesting that an evidentiary hearing be set. I filed a motion to validate this debt asking for the plaintiff to provide documents proving that this debt belongs to me. I requested proof such as picture ID, social security number, paycheck stubs, DOB, video, audio, banking information, etc. The plaintiff sent me a copy of exhibit 1 that is an old credit statement with my name, address and amount owed. As i [sic] wrote in my answer and my previous motions there are multiple people with my name. This is not my debt. I never received anything from jefferson capital [sic] about this debt. The first time i [sic] was made aware of this debt was when this civil case was filed. I do not know what this is for. I never applied for a loan and i [sic] never received this money. Please set a hearing.

{¶ 8} Jefferson Capital responded to this motion by filing a copy of the validation letter it had previously sent to McDuffey at his Overland Parkway address. The letter did not contain any identifying information other than the name "Joe Mcduffey."

{¶ 9} After Jefferson Capital filed the validation letter, McDuffey filed a "[m]otion to submit evidence." In this motion, he reiterated that the loan was not his debt, there were multiple people who shared his name, he was requesting additional evidence as proof that the loan belonged to him, he had never received anything from Jefferson Capital about the debt, the first time he learned of the loan was when this

3.

lawsuit was filed, and he never applied for the loan or received any money related to the loan. He also attached a page from a Lucas County Court of Common Pleas case, which purported to show that he "was initially named as a defendant for another case in which the wrong Joe Mcduffey was charged."

{¶ 10} The trial court granted Jefferson Capital's motion for summary judgment without directly ruling on McDuffey's motions.[2] In its judgment entry, the trial court noted that McDuffey had denied that the debt belonged to him and requested that Jefferson Capital validate the debt using, among other things, "D.O.B., Soc #, bank account, signature, pay check stubs, [or] picture ID." But it found that "the law does not require [Jefferson Capital] to 'validate' the debt to [McDuffey's] exact specifications[,]" and Jefferson Capital "provided documentation establishing the debt, the amount, and the assignment, all verified via affidavit by [Jefferson Capital's] custodian of the records." It also noted that the address on the loan documents matched McDuffey's address. Based on this information, the court found that Jefferson Capital met its burden of showing an absence of a genuine issue of material fact, so the burden shifted to McDuffey to show that a genuine issue of material fact remained for trial. The court found McDuffey's evidence that there is more than one Joe McDuffey living in Toledo insufficient to meet his burden. Therefore, it granted summary judgment in Jefferson Capital's favor.

---

[2] Although the trial court never explicitly ruled on McDuffey's motions, we presume that the court overruled them. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223 (1994) ("[W]hen a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it.").

4.

{¶ 11} McDuffey now appeals, raising one assignment of error:

> The trial court violated Federal Rule of Civil Procedure 21by [sic] allowing an improper (misjoinder) party to be included on a lawsuit.

## II. Law and Analysis

{¶ 12} In his brief, McDuffey argues that the trial court erred by awarding summary judgment in favor of Jefferson Capital because he was not the proper party to the lawsuit.

{¶ 13} Although McDuffey couches his argument in terms of misjoinder, he is attacking the trial court's award of summary judgment. We review summary judgment de novo, using the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996); *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129 (9th Dist. 1989). The court can grant a motion for summary judgment only when the moving party demonstrates:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

*Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978); Civ.R. 56(C).

{¶ 14} The party seeking summary judgment must specifically delineate the basis upon which the motion is brought and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996); *Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988), syllabus. When a properly supported motion for summary judgment is made, an adverse party may not rest

5.

on mere allegations or denials in the pleadings but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79 (1984). The opposing party must do so using "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact . . . ." Civ.R. 56(C). A "material" fact is one that would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304 (6th Dist. 1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 827 (8th Dist. 1996), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

{¶ 15} Here, after reviewing the record, we find that the trial court erred by granting summary judgment. The evidence shows that McDuffey filed several motions denying that he is the Joe McDuffey referenced in the loan documents, and he submitted some evidence in the form of a filing from the Lucas County Court of Common Pleas lawsuit that he has been mistaken for a different Joe McDuffey before.[3] Given the lack of identifying information—other than the name "Joe McDuffey"—in the loan documents, we find that this is sufficient to raise a genuine issue of material fact regarding the identity of the loan-account holder. Jefferson Capital had the opportunity to provide identifying information about the account holder (like his date of birth or Social Security number) in its motion for summary judgment to prove that it was suing

---

[3] We note that McDuffey's evidence is neither the type contemplated by Civ.R. 56(C) nor incorporated into an affidavit, as generally required on summary judgment. *Pollard v. Elber*, 2018-Ohio-4538, ¶ 21-22 (6th Dist.). However, Jefferson Capital did not object to McDuffey's evidence, so we are able to consider it. *Id.* at ¶ 22.

6.

the correct Joe McDuffey, but it failed to do so.  Because the issue of the account holder's identity is in dispute, summary judgment is not appropriate.  Therefore, McDuffey's assignment of error is well-taken.

### III. Conclusion

{¶ 16} Based on the foregoing, the June 5, 2025 decision of the Toledo Municipal Court is reversed, and this matter is remanded for trial.  Jefferson Capital is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.